UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN R. SMITH, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:04-cv-1701(JCH) |
| J.C. LANATI and | : | |
| CHARLES YORK, | : | |
|     Defendants. | : | SEPTEMBER 13, 2005 |

**RULING RE DEFENDANTS' MOTION TO DISMISS [DKT. NO. 12]**

The plaintiff, Stephen R. Smith, initiated this action against defendants J.C. Lanati and Charles York, both of whom are employed by the State of Connecticut, Department of Public Safety, Division of State Police, in their individual and official capacities. In his complaint, Smith asserts claims under 42 U.S.C. sections 1983 and 1988 for malicious prosecution and wrongful arrest in violation of the Fourth and Fourteenth Amendments of the United States Constitution [Dkt. No. 1]. The defendants bring this motion to dismiss pursuant to Fed.R.Civ.P. 12(b). The defendants' motion is GRANTED in part and DENIED in part.

**I.    FACTUAL BACKGROUND**[1]

At all relevant times, Lanati was employed as a Connecticut state trooper in Stratford Springs, Connecticut, and York was a state police sergeant responsible for the supervision of Lanati. In February 2001, Smith was subject to a civil restraining order, pursuant to Conn.Gen.Stat. §46b-15, in relation to his then-pending divorce proceedings. Pursuant to a complaint from Smith's wife, Lanati approached Smith at

---

[1] The court takes the facts alleged in the plaintiff's complaint as true, as it must, and draws all inferences in plaintiff's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

his place of work and arrested him without a warrant for violating Conn. Gen. Stat. §53a-223, which proscribes the criminal violation of a standing criminal protective order pursuant to Conn. Gen. Stat. §53a-40e (i.e., not §46b-15). Lanati had discussed the arrest with York prior to arresting Smith. The arrest occurred in full view of the people at Smith's place of work, and Smith was detained by the police for three and one half hours. On October 15, 2003, the criminal charge was terminated in Smith's favor.

According to Smith, his arrest was wrongful because there was no criminal protective order against him under §53a-40e at the time of his arrest, and thus the prerequisite for arrest under §53a-223 was not met. Smith asserts claims for wrongful arrest and malicious prosecution, pursuant to 42 U.S.C. § 1983, in violation of the Fourth and Fourteenth Amendments of the United States Constitution, seeking damages, as a result of the defendants' conduct.

## II. DISCUSSION

### A. Sovereign Immunity

The defendants move to dismiss the claims against them to the extent that they seek damages against them in their official capacity. It is well established that suits against state officials in their official capacity are suits against the state itself, and thus Smith is barred by the Eleventh Amendment from seeking monetary damages from the defendants in their official capacity. See New York City Health & Hospitals Corp. v. Perales, 50 F.3d 129, 135 (2d Cir. 1995)(citing Edelman v. Jordan, 415 U.S. 651, 668 (1974)). Here, Smith only seeks monetary damages in his complaint. Accordingly, the defendants' motion to dismiss the suit as against them in their official capacity is

granted.

**B.     Sufficiency of the Pleadings**

1.     Standard of Review

A motion to dismiss filed pursuant to Rule 12(b)(6) can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Reed v. Town of Branford, 949 F. Supp. 87, 89 (D. Conn. 1996). In considering such a motion, the court accepts the factual allegations alleged in the complaint as true and draws all inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). "In considering a motion to dismiss . . . a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference . . . [and review all allegations] in the light most favorable to the non-moving party." Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660, 662 (2d Cir. 1996). Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

2.     Collateral Estoppel of Probable Cause

The defendants argue that Smith is collaterally estopped from asserting that they lacked probable cause in arresting him, and, thus, Smith is unable to make out claims for wrongful arrest and malicious prosecution. According to the defendants, the Claims Commissioner of Connecticut, in considering a false arrest claim brought by Smith on

the same set of facts, had previously determined that the arresting officer did have probable cause in arresting Smith. Because lack of probable cause is a necessary element of both a wrongful arrest claim and a malicious prosecution claim, the defendants argue that Smith cannot state a claim for relief. See Thompson v. County of Franklin, 15 F.3d 245, 253 (2d. Cir 1994)("Res judicata challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)"); see also Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)("A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, [includes] arrest without probable cause . . . . The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest. . . .") (internal citations omitted); Washington v. County of Rockland, 373 F.3d 310, 315 (2d Cir. 2004) ("Although § 1983 provides plaintiffs with a federal cause of action, generally we borrow the elements of the underlying malicious prosecution from state law."); McHale v. W. B. S. Corp., 187 Conn. 444, 447(Conn.1982) ("An action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice.").

Under the full faith and credit statute, 28 U.S.C. § 1738, a federal court must give a state court judgment "the same preclusive effect as would be given that judgment

under the law of the state in which judgment was rendered."[2]  Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).  The threshold question is whether determinations by the Claims Commission, which is responsible for deciding whether to waive Connecticut's sovereign immunity to suit, receive preclusive effect in Connecticut state courts.  See Conn.Gen.Stat. §53-4 et seq.  Defendants cite the unpublished decision in Hollins v. Warden, No. 2:91-CV-00893(PCD), slip copy (D.Conn. March 8, 1994), for the proposition that Claims Commission determinations would be given preclusive effect in a Connecticut court.  In Hollins, the court noted that, under Connecticut law, decisions of administrative agencies are only treated as preclusive when they are subject to judicial review.  Hollins, slip copy at 4 (citing Convalescent Center of Bloomfield, Inc. v. Dept. of Income Maintenance, 208 Conn. 187 (1988)).  The court in Hollins held that, because Claims Commission decisions are subject to limited judicial review to determine whether its decisions are "(1) in violation of constitutional or statutory provisions; (2) in excess of the commission's statutory authority; or (3) made upon unlawful procedures," sufficient review is available so as to render the Claims Commission's determination preclusive in federal court proceedings.  Id. at 5 (quoting Circle Lanes of Fairfield, Inc. v. Fay, 195 Conn. 534, 541 n.8): see also

---

[2] The defendants also argue that the plaintiff's claim is precluded, for lack of subject matter jurisdiction, by the Rooker-Feldman doctrine, which bars district courts from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indust. Corp., 125 S.Ct. 1517, 1521-22 (2005).  However, "[t]he doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency," Verizon Maryland Inc. v. Public Service Commission of Maryland, 535 U.S. 635, 644 n.3 (2002), and thus cannot apply to determinations by the Claims Commission.

Conn. Gen. Stat. § 4-183(j).

In Bob v. Armstrong, No. 3:02-CV-1785, 2004 WL 1151576 (D.Conn. May 21, 2004), however, the district court reached the opposite conclusion. The district court in Armstrong cited the Connecticut Supreme Court's decision in Cumberland Farms, Inc. v. Town of Groton, 262 Conn. 45, 61-64 (2002), for the proposition that Connecticut courts do not give preclusive effect to administrative agency decisions where no judicial review is available for the agency's factual determinations. Given that, under the statute, the factual determinations of the Claims Commission are not subject to judicial review, see Conn. Gen. Stat. §§ 4-164(b), 4-183(j), the court in Armstrong, found that Claims Commission decisions should not receive preclusive effect in federal court. 2004 WL 1151576, at *2. This court finds the reasoning in Armstrong persuasive.

It should also be noted that Connecticut courts themselves do not consider Claims Commission decisions to be subject to judicial review. See e.g., Circle Lanes, 195 Conn. at 541 ("The commissioner of claims performs a legislative function directly reviewable only by the General Assembly."); Cooper v. Delta Chi Housing Corp., 41 Conn.App. 61, 64 (1996) ("Decisions of the claims commissioner are not subject to judicial review") (citing Circle Lanes, 195 Conn. at 539); Trustees, Southern Connecticut State Univ. v. Morin Brother Auction Service Corp., No. CV000594471, 2000 WL 1784123, at *4 n.4 (Conn. Super. Nov. 6, 2000) ("As a general rule, decisions of the Claims Commissioner are not subject to judicial review.") (citing Circle Lanes).

Accordingly, the court finds that the determination of the Claims Commission with regards to Smith's false arrest claim do not collaterally estop Smith from asserting that the defendants lacked probable cause in support of his wrongful arrest and

malicious prosecution claims in the present action.[3]

### 3. Favorable Termination of Proceedings

The defendants also argue that Smith is unable to assert a claim for malicious prosecution because he cannot show, due to the actual disposition of Smith's criminal proceedings, that the criminal proceedings resulting from Smith's arrest terminated in his favor. Such an argument is not appropriate in a Rule 12(b) motion to dismiss, which only tests the sufficiency of the plaintiff's complaint. See Scheuer v. Rhodes, 416 U.S. at 236. In his complaint, Smith asserts that the criminal charge against him terminated in his favor. Complaint, ¶ 20. Smith's assertion is sufficient to survive the defendants' motion to dismiss.

## III. CONCLUSION

For the foregoing reasons, defendants Lanati and York's Motion to Dismiss [Dkt. No. 12] is hereby GRANTED as to the suit against them in their official capacity and DENIED in all other respects.

---

[3] Furthermore, even if Claim Commission decisions did receive preclusive effect in federal court, it is not clear that the plaintiff would be collaterally estopped from asserting the lack of probable cause because it was not necessary for the Claim Commissioner to find that the arrest lacked probable clause to find that Smith did not have a "just claim," i.e., the standard employed in Claim Commission determinations, nor did the Claim Commission rest its determination solely on the finding that probable cause was not lacking. See Conn. Gen. Stat. 4-160(a)(as amended by 2005 Conn. Legis. Serv. 05-170)(West)("When the Claims Commissioner deems it just and equitable, the Claims Commissioner may authorize suit against the state on any claim which, in the opinion of the Claims Commissioner, presents an issue of law or fact under which the state, were it a private person, could be liable."); Motion to Dismiss, Tab B ("Memorandum of Decision")[Dkt No. 14].

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 13th day of September, 2005.


                                              /s/ Janet C. Hall
                                              Janet C. Hall
                                              United States District Judge